IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROSEMARY DAVIS | ) | Case No. 14-10627-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |

## TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

Pursuant to Federal Rule of Bankruptcy Procedure 4003, Janet M. Meiburger, the Trustee for the bankruptcy estate in the above-named case, hereby objects to the Debtor's claim of exemption in the real property located in Marion County, Florida, known as Sec 01, TWP 15, RGE 19, Plat Book N, Page 001, Meadow Wood Farms, Unit 2, Block 2, Lot 80 (the "Real Property"), and in support of this objection states as follows:

1. On February 22, 2014, (the "Petition Date"), the Debtor filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Trustee was appointed on February 23, 2014 (Docket No. 4).

2. The 341 meeting in this case was concluded on April 3, 2014.

3. The Debtor is a resident of Prince William County, Virginia. The Debtor's Schedule A includes the Real Property, which is located in Florida.

4. The Debtor's homestead deed claims an exemption in the Real Property. However, to the best of the Trustee's knowledge, the homestead deed was filed only in Prince William County, Virginia. It was not filed in Marion County, Florida.

_____
Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Proposed Counsel to Chapter 7 Trustee

5. Under Va. Code Ann. § 34-6, where a Virginia resident debtor owns real estate outside Virginia, in order for an exemption in the real estate located outside of Virginia to be valid, the homestead deed must be filed in the county where the debtor resides and also in the county where the property is located.

6. In this case, because the homestead deed was not filed in Marion County, Florida, the Debtor has not complied with the requirements of Va. Code Ann. § 34-6, and the Debtor's claim of exemption in the Real Property should be denied. *See, e.g., In Re McWilliams,* 296 B.R. 424 (Bankr. E.D. Va. 2002); *In re Mackie,* 2006 Bankr. LEXIS 812 (Bankr. E.D. Va. April 19, 2006) (Case No. 05-53293-A).

WHEREFORE, Janet M. Meiburger, the Chapter 7 Trustee, respectfully requests that the Court enter an Order denying the Debtor's claim of exemption in the real property located in Marion County, Florida, known as Sec 01, TWP 15, RGE 19, Plat Book N, Page 001, Meadow Wood Farms, Unit 2, Block 2, Lot 80, and granting such further relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

THE MEIBURGER LAW FIRM, P.C.

Dated: May 5, 2014          By: /s/ Janet M. Meiburger
                                Janet M. Meiburger, VSB No. 31842
                                The Meiburger Law Firm, P.C.
                                1493 Chain Bridge Road, Suite 201
                                McLean, VA  22101
                                (703) 556-7871
                                Proposed Counsel to Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 5th day of May, 2014, a true and correct copy of the foregoing Trustee's Objection to Claim of Exemption will be served by ECF e-mail pursuant to the applicable Standing Order of the Court, and by first class mail, postage prepaid on the following:

Juan Milanes
The Law Firm of Juan Milanes
1831 Wiehle Avenue, Suite 105
Reston, VA 20190
*Counsel for the Debtor*

Rosemary Davis
16620 Harwood Oaks Court #101
Dumfries, VA 22026-6837

/s/ Janet M. Meiburger
Janet M. Meiburger

J:\Trustee\Rose, Gregory & Jocelyn (13-12130)\Pleadings\Exemption Objection.1.doc